Good morning your honors, Eric Slotkin on behalf of Diana Woodmass. I'm going to attempt to reserve three minutes for rebuttal. The decision of the Administrative Law Judge denying Ms. Woodmass her disability benefits should, it is not free of legal error and therefore Ms. Woodmass is entitled to the remedy that she seeks. There are two major issues that we're here to discuss today. First is involving the credibility of stated complaints and the second involves the weighing of medical source opinion evidence. It is without contest that Ms. Woodmass suffers from multiple impairments that significantly limit her ability to function. The Administrative Law Judge found a reduced range of sedentary work ability. We note that the onset that if she's limited to unskilled sedentary work, she would be unable to perform advanced work and pursuant to the CRIT rules, she would be conclusively deemed disabled. Thus the threshold we're looking at is sedentary unskilled work or less. Her medical impairments are multiple. She suffers If I might, I'm going to change your idea. I'm going to change you up your ear and you don't know how to bob and weave with this, but I want to talk about the norm, the opinions of chiefs. It's my understanding of course that although a person has been previously adjudicated to be non-disabled, that he's presumed to be that, but he is not presumed to be that or she is not presumed to be that if there are changed circumstances. Are there changed circumstances here? Yes, there are. In the initial decision, there was a finding that the kidney disease had resolved. The subsequent evidence showed that it never resolved. What happened was she was put on non-steroidal anti-inflammatories for pain, which was helping with her pain. So their kidney numbers start to improve, but then they had to take her off of those non-steroidals and when they put her on the non-steroidals, her kidney got worse. They moved her over to Percocet and it never got better. It stayed at stage two, sometimes at stage three. So it was an error or in the previous administrative law judge's finding that the kidney problem resolved. It didn't resolve. At least one can say there were changed circumstances. On the second decision, that was one of the items that the administrative law judge found was changed. Okay, so if it is changed circumstances, then it's my understanding that at that point the ALJ has got to explicitly reject the opinion or credit the opinion and set forth reasons. I would agree with that, Governor. That's the whole EM20CFR section 1527C, I think, B, as well as the whole UMAS, the VJ there. So at this point then, because those opinions of Vanner, Ting, and Chafee are not really either that's your argument? My argument is that that is error, legal error, that would require a remand. In this case, the crediting of those opinions is true with established disability. So there is a question as to whether or not this should be remanded for a computation of benefit, as opposed to letting the administrative law judge deal back. Admittedly, the administrative law judge didn't even address these issues, and so based on all the intricacies of that would indicate that a remand for the consumer. So the articles there, how are you going to deal with the breaks? In this case, Your Honor, I would certainly argue, well, they totally ignored medical source opinions, and the casebook says that can't be ignored in this era. And so, I'm sorry, did he let it go to their door? Who's opinion? The three. The three. Vanner, Ting, and Chafee. It's Dr. Chafee, Dr. Ting, and Dr. Vanner. Vanner, correct. And so, those, the error can't be harmless if the administrative law judge has a duty to evaluate those opinions. Supposing, and I guess this is the government's argument, so I'm pressing you a little bit, supposing that the ALJ correctly treated the treating physician Klein, that the ALJ correctly treated Dr. DiCastro, correctly treated Dr. D'Ambrosio, and correctly did what they had to do with your client's credibility determination. Does that not make this determination on Vanner, Ting, and Chafee harmless? No, it does not. Why? Well, for a number of reasons. Assuming you're hypothetical, which is not something I know. Well, that's not your argument. Okay. I mean, you've been in business the whole way along, I understand. You're a good attorney, and you've taken it all on. I'm just trying to say, supposing I don't agree with you on all that. Yeah. Well, you have a statutory violation. The 20 CFR section, 147, specifically states they must evaluate every medical objection they've received. Well, it's a good idea that it may be harmless, because the inconsequentials of the ultimate disability determination. Right. So, I mean, you've taken the three medical doctors into consideration, and you still find that there's no change in circumstance. So, what was, why is it either harmless? Well, one, there was a change in circumstance, because there was a worsening of symptoms. Okay. And two, the Administrative Law Judge went back and discussed the evidence from 2007, and pursuant to Lester, once the Administrative Law Judge does it, he's got to consider those medical opinions. So, if you read Lester, where they talk about a de facto reopening, then those are situations where it has to be decided. Now, what's more important, Your Honor, is if you look at the prior ALJ decision, and how that judge weighed the opinions, the Administrative Law Judge gave significant weight to the opinion of Dr. Van Urd. And we now know that if we credit Dr. Van Urd's opinion is true, this finding of disability based upon Dr. Van Urd's opinion that the claimants to unskilled work. So, at no point does a court turn a blind eye to this new material evidence that would show that even with that finding, the claimant is in fact disabled. And so, the Administrative Law Judge has to address it. There was locational expert testimony indicating that if we limit the claimant to unskilled work, past relevant work is precluded, and then we have application of that credit. And so, that's why it's so important. The Administrative Law, the prior finding, it was made at a certain period of time when things were still happening. So, the prior ALJ found kidney disease resolved. It didn't. The prior ALJ found diabetes was controlled. It wasn't. And they conceded that. Here's the problem, counsel. If the opinions of these doctors wasn't sufficient to produce a finding that your client was disabled in the first application, why would the consideration of that medical testimony need establishing present condition of being disabled? The easiest way I could explain it, it, like in this particular case, you have an individual who's, she's had heart, two heart attacks, significant surgery, ongoing chest pain. She has all these symptoms. And right when we have her hearing, it looks like she's getting better. And so, right, her kidneys look like it could be gaining functioning. Her pain looks like it's going down. With the non-steroidals, her diabetes looks like it's gaining some control. And we have the hearing, and then right after, none of that was sustained. And so, when we have a larger record that shows that these impairments were ongoing and continuing, and that the Administrative Law judge's findings were incorrect, and that there's worsening, and that there's new and material evidence that would from Dr. Dean Rosehue, it's very much consistent with the opinion of Dr. Van Hurd. So, it feeds us to a conclusion that, no, there was no improvement. This is consistent. And it goes back, and that's relevant and material. Same thing with Dr. Klein. Dr. Klein, he rendered his opinion, if you take a look at the most current one in the time period we're looking at, he's talking about uncontrolled diabetes. That's causing her a lot of fatigue, and he assessed the less than sedentary residual functional capacity. And he indicated that that's based upon objective data, which it is. What's very compelling in this particular analysis of the current ALJ decision that we're now looking at, is he rejects multiple treating and consulting physician opinions or doesn't address them. And he makes a conclusion that Dr. Valeros' opinion is more accurate based upon the objective data. Dr. Valeros didn't review any objective data. So, we have an Administrative Law judge making a medical conclusion, which he's really not qualified to do, tying it into an opinion of a doctor who said she had uncontrolled diabetes, but he didn't know the A1c was 9.5. He didn't know blood sugar readings were 250. He said she had cardiovascular disease status post-surgery, but he doesn't know the complications she had from it. That doctor didn't know that she has stenosis in the carotid artery still. The doctor didn't discuss the effect of the Percocet that was being prescribed and why she can't take the non-steroids. He said she had knee disease. He had no idea what stage it was. And yet, the judge came to a conclusion that the objective data supports that opinion. The doctors who say the objective data doesn't support that opinion is not requiring Dr. Chaffee, Dr. DeCastro, Dr. Ting. And so, that's what we have. And so, adding Ting and Chaffee, Chaffee would add to the argument you're making. Correct. Now, let me ask you a question. Was it surprising to me that you started with Klayment? Because it seems to me that the ALJ rejected the Klayment's testimony on the same basis that he rejected, if you will, the testimony of Klein to Castro saying, hey, it doesn't match what you've got in your notes. It doesn't match what's going on reality. And then, he goes right to Klayment and he says, Klayment doesn't match what she's told the doctors, and therefore, I'm not believing her either. So, my worry is, and that's why I ask you the question, it seems to me that your argument really, if you will, bears on throwing Van Aert, Ting, and Chaffee into the mix, which can only be done if there's a change of circumstances. And then, the ALJ has at least got to evaluate, up or down, any one of those doctors. That's why I started with that question. Do you agree? I agree why you did it. You're agreeing. You're telling me the truth, but I don't agree. That's why I asked you. The reason I was going to start with credibility is because I was going to tell you that the Administrative Law Judge found the objective data did not match reported symptoms, and then I was going to point out that the following doctors say that's incorrect, and then I was going to list to you all of those doctors, and then once we got rid of that, I was going to talk about how the Administrative Law Judge defined the word stable as meaning not disabled, which really is a ridiculous definition of stable, because there are many people on ventilators that are stable, meaning they're not getting worse, they're not getting better, but they're certainly disabled. There are paraplegics for years that are stable under pursuant to social security regulations. They are, in fact, disabled. There are individuals with Down syndrome, mental retardation, a number of impairments that are stable. They're not getting better or worse, but they cannot work, and when we look at the definition of stable medically in statements, it says nothing about disability, and so when the Administrative Law Judge or the District Court turns around and says stable means not disabled, that's made up, because there's no citation that could support that, because it's simply not correct, and that's an error in weighing credibility, and as stated in Brown-Hunter, errors in credibility usually are not harmless, and I would point out that the Administrative Law Judge never linked his findings to specific symptoms. He didn't tell us why he found that she could sit as long as she could sit, or stand as long as she could stand, or stay awake as long as she can sleep, how she can stay awake, or can maintain attention and concentration for as long as he says she can. He just never addressed it. He just lists the medical evidence, gives us an RFC, and then says the evidence supports my RFC, and I credit the evidence to the extent, only to the extent, that I assess the RFC. That gives us nothing on which we can weigh the propensity of this determination. Thank you, Mr. Ambassador, and I'm looking forward to a minute for a rebuttal. Thank you. May it please the Court, Counsel Lars Nelson, I'm an African Commissioner of Social Security. I'd like to start with that, going until we've finished out with credibility, and then go back to those decisions from the prior period. Counsel's right that the ALJ did not say the specific evidence that supported every one of the ALJ's findings, because it's not the ALJ's burden to do that. The ALJ is not in charge with proving that disability as the claimant. I guess my question to you is, what must the ALJ say in his opinion to suggest that he's not going to make the claimant credible? Isn't there a standard by which he has to write the opinion in suggesting that the claimant is not credible? Well, Congress in 42 U.S.C. 405b said that the ALJ has to provide reasons for the decision. Well, is it just reasons? Well, it would be the Commissioner's position that what Congress set forth is all that was heard. Now, this Court has delineated differences. I thought that Brown and Hunter was pretty clear in suggesting that the ALJ had to identify the specific testimony of which she was challenged, which the credibility was challenged, and point to specific record evidence that returns to the testimony. Well, I don't know if that's what Brown and Hunter said. Yes, that is what I'm here for. My question is, did the ALJ do that? Yes, Your Honor, the ALJ did. Towards the top of page 26 of the ALJ's decision, the ALJ set forth in detail the claimant's subjective complaints, and then the ALJ turned to explain that now this is the evidence that undermines the claimant's subjective complaints, how much general impairment by impairment to undermine, to show how, in this case, it's the medical evidence. Overwhelmingly, the medical evidence is that the medical evidence the ALJ refusing was really the medical evidence, the same kind of medical evidence that showed that there were inconsistencies between the treatment notes and the opinion of Dr. Klein. Yes, Your Honor. And the same evidence that was shown that there were inconsistencies between the notes and the opinion for Dr. Castro. That's correct, Your Honor. And so, therefore, it leads me back to my first question. That's why I stopped counsel, and that's why I'm stopping you. It seems to me, then, that it's of some significance to me in making this decision as to whether the ALJ should have considered the opinions of Dr. Van Aert, King, and Chaffee, which added or subtracted to the opinions of Klein and Castro. Do you have a review? Your Honor, I believe that because he used the same evidence that knew everyone, and now, I guess my big question was, because that's what he did, why didn't he evaluate these opinions of Van Aert, King, and Chaffee? I mean, he could have evaluated them. He could have said, up on Chaffee, down on King. I'm just saying they're two, and given me good reasons for doing it, and this would have been done. The ALJ didn't, because those opinions were already adjudicated. They were adjudicated, but as I've kind of pointed out, just because they were adjudicated doesn't suggest that he shouldn't consider them if there are changed circumstances. And it seemed to me that even the government agrees there are changed circumstances. Your Honor, I believe that. In fact, the government's argument is not that there aren't changed circumstances. It is that, nonetheless, they're harmless. He made both arguments. That's correct, Your Honor. I think there's a confusion here about the application of race judicata and the continuing presumption of non-disability. And in fact. I'm not talking about that. I'm not even going back to the former decision. What I'm looking at is, do they have to consider relevant medical opinion evidence? This was evidence from another case that, nonetheless, suggested here and were not considered. If the ALJ had done that, that would be constituted de facto reopening of the prior decision. Because those opinions were adjudicated at the prior decision and yielded the procedural function of the past email. Then how do I deal with Lister, quoting Taylor v. Heckler, which suggested that this presumption about not considering these opinions does not apply if there are changed circumstances. So, regardless of source, the ALJ has got to evaluate every medical opinion she receives as a 20 CFR 416.927C. And when they don't specifically acknowledge them and reject or, if you will, credit them, at that point, I throw them back at the ALJ every time. The big question to me is, why didn't they consider these if there were changed circumstances? Well, I would say there's two answers to that. And I would look to, perhaps, the Lockwood decision that Judge Bea offered. But in that case, the court said that the ALJ's considered something when the ALJ acknowledges it in the record. And that it's not a specific way that needs to be done, necessarily. But we can read the ALJ's decision and know that it's incorporated. Well, that is not what Garrison says. I thought we have a medical opinion. And there we have medical opinions by Van Aert, Ting, and Chafee. And he does not even mention them. Well, the continuing disability question is merely a threshold one. And that's to determine, do we even need to consider this case? And the ALJ found that threshold question in the claimant's favor. And then went on to consider the evidence from the subsequent period. And Lester, in setting forth how race judicata and the continuing presumption of non-disability apply, specifically distinguishes between the period under adjudication in the prior decision and the subsequent period. And certainly there might be a question where it suggests these opinions are not probative of the present condition. Well, if they're probative, then I've got to look at Hammock v. Bowen, which says I have to look at them. Would you say they're not very relevant to what's happening now? If we have changed conditions, that's the only way I get around those. And then the ALJ can just say that. Well, there is a temporal quality to any medical opinion. So if an opinion is only addressing a certain period of time, the court would be saying we're going to project the relevance of that opinion into the future. So, for example, if one of the physicians in the earlier period said that her kidney condition was disabling, but the ALJ in the first case found that her kidney condition was resolved, but there's changed circumstances and now it's not resolved, why wouldn't that earlier opinion be relevant,  because of the question of reopening and adjudication? Because once the previous decision was made and rendered final, that period and the opinions and the evidence pertaining to it are closed. Didn't he cite, excuse me, didn't she cite evidence from the earlier period? He only asked to, the heart condition, where the ALJ specifically discussed it, and then the ALJ goes on to say, but since the date last insured, and in the present case, the date last insured is the day after the previous decision was considered. Your argument is that the ALJ has actually precluded, legally precluded, from looking at the earlier opinions? If you consider the earlier opinion would have been to reopen, and that would have been a question within the ALJ's discretion to do, and it does not challenge something that I've read. It's very clear from a witness's brief that she's not asking for the prior period to be adjudicated. And let's just note that this serves to benefit Ms. Woodmass, because ALJ discounted some of these opinions, and the ALJ found a residual function of capacity assessment that yielded a finding of non-disability. Now, Ms. Woodmass is here before this court asking this court to go back from time to the previous decision, effectively opening it up, and Ms. Woodmass wants this court to- I don't think she's asking you to be open to help, it seems to me. She's only asking for those opinions to be considered in making this new determination. She's now suggesting she deserves. She's asking the evidence that favors her theory on the subsequent case to be reconsidered. But she's not asking for the RFC to be reconsidered. And ALJ considered all these opinions that were arriving at her previous RFC. She's not asking for any of the ALJ's rationale on the evidence that undermined those opinions for the relevant period to be reconsidered. She's just asking for a few slices of evidence that would favor her case here. What she's asking the court to do is to go back and to litigate that case, to look what was the evidence that undermined those previous decisions? What was the evidence that provided the ALJ's previous decision? I mean, if the previous opinions are relevant to this appeal, then all the evidence from the adjudicated period is relevant to this appeal. And that's simply, that's asking that it runs in the face of the whole concept of race, gender, and color. And I think it runs in the face of this court's precedent, where this court says, unless there's been a reopening. And Gregory, I didn't see a reopening in Alasdair. I saw it change circumstances. That the presumption that the person previously adjudicated to be non-disabled is presumed to continue that status going forward is sure the truth. However, this presumption does not apply if there are changed circumstances. And if there are changed circumstances, which it seems there are. And at that point, it seems to me one could consider the opinions that, polyclinical opinions that were present at the time that we're now adjudicating this. And the ALJ should have sat down or up with Chief E. Ting and Van Hurd, and either helped his opinion or hurt it. Your Honor, the changed circumstances question only pertains to the subsequent period. And it's whether the presumption moves forward. I understand, but that's why I said, it seems to me there are changed circumstances from what we had in the prior period. Seems to me that's what Klein is saying. Seems to me that's what DeCastro is saying. Now, you can win on Klein and DeCastro based on the analysis. But if you put Chief E. Ting and Van Hurd in the middle of it, it may not be as easy. Well, when the court said, when the agency in the Sperm Shop has discussed, the study of us have discussed changing circumstances. It's a threshold showing saying, does the claim equal a decision on the second case? Because she's got a presumption of non-disability from the prior decision. Well, that's what you're deciding, isn't it? Yes. Not arguing for his judicata as to the string of decision? No, no. Because once the threshold determination has been made, it's that there's, the presumption has been rebutted. That simply just means she gets her day in court as to the subsequent period. It doesn't open the entire case. Both positions up for reopening. And, your honors, I believe that Fairview Bonds are concluded by saying that with the millions of cases that are adjudicated, there's bound to be errors, but this case is not one. The same holds here. The medical evidence, Andrew Ledger, overwhelmingly speaks with a clear voice. There's also reporting symptoms to her doctors. The doctors are finding symptoms on exam. And this is not just a case where the LJ was isolating and cherry picking records. The medical evidence speaks with an overwhelmingly voice. That's why the commissioner asked this court to affirm. Thank you, your honor. I just want to address that the social security proceedings are supposedly non-adversarial fact-finding processes. The commissioner doesn't dispute that the evidence that has now been submitted would change or should change some of those prior findings. What they were asking is that this court turn a blind eye to the prior findings, which were insufficient to establish disability. Say it again. To the prior findings, which were insufficient to establish disability. What's wrong with that? You lost the first case, why shouldn't we re-revisit it? Because he presented no material evidence to show that... Is there some relation between the long-lasting nature of the disease, which makes the present evaluation ineffective? Yes. Because, again, the prior judge found kidney disease resolved. It didn't. They agreed it didn't. The prior judge found that the diabetes mellitus was stable and controlled. It's conceded. That's not true. You can look at the records. It really was never. She was getting some better control when this was first adjudicated, but never. And so what they're saying is, based upon the unfortunate timing, once he had a first hearing and the status of the medical records at that time, these courts would turn a blind eye unless there says no. Did you have to ask the ALJ to look back at those records? Is he supposed to do that? Or is he automatically... Did you have to make a request? So you don't have to make a specific request. Those documents go before the judge. And the judge admits those doctors' records and the opinions. And the judge is obligated, when he admits those records, to comment on them. And that's pursuant to statute. And so it was all before the judge. And I believe it was discussed at hearing, even after we read that transcript. It wasn't the attorney who actually tried that particular case. But the records were there. And I think questions were posed for location, which were based upon those records. And so the teachings of Lester, and really any case that we have in social security law, tells us that this program is designed for the benefit of the disabled. It gives them a small amount of stipend. It gives them access to health care. They pay into the system. And we are not just to close our eyes. We submitted new material evidence that shows the propensity of these medical opinions to establish disability. And at a minimum, the administrative judge will accept what's required to address the issue of disability. Thank you very much. Thank you, Judge. Okay, so for one last question before I put this in, submit it.
judges: Bea, N.R. Smith, Lynn